Christyne M. Martens WSB #7-5044
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY 82602
307-261-5434 (phone)
307-261-5471 (fax)
christyne.martens@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CODY DONOVAN SMITH,<br><br>Defendant. | Criminal No. 20-CR-45-F |

## GOVERNMENT'S MOTION TO REVOKE OR MODIFY BOND

The United States, by and through Christyne M. Martens, Assistant United States Attorney for the District of Wyoming, hereby moves this Court to revoke or modify Defendant Cody Donavan Smith's Bond because he has violated the terms of his bond set by this court and there is new information demonstrating he is a danger to the community. The undersigned counsel attempted to confer with Defense counsel before filing this motion.

**I.       Factual and Procedural Background**

On March 18, 2020, the grand jury indicted Smith on one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and one count of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1). (Doc. 1). The same day, this court issued a warrant for his arrest. (Doc. 5). On March 30, 2020, Smith was arrested in Houston, Texas at Fort Sam. (Doc. 7). On April 7, 2020, Magistrate Judge Farrer conducted Smith's detention hearing in the United States District Court for the

Western District of Texas. (*Doc*. 22-1 at 1). At that hearing, the Government offered Special Agent

Jake Olson's affidavit in support of the search warrant that was executed on Smith's vehicle and

home in Florida. (*Id*. at 7-8). The magistrate accepted the affidavit and allowed Special Agent

Olson to offer additional testimony. (*Id*. at 9).

Briefly, Special Agent Olson's testimony and affidavit showed that H.B. met Smith using

a dating application. (23-1 at ¶ 6). Smith picked her up in the parking lot of her apartment in

Rexburg, Idaho around 10 p.m. on the night of September 7, 2019. (*Id*. at ¶ 8). From there, they

went to the nearby McDonald's restaurant and went through the drive through. (*Id*.). They talked

in Smith's car in the parking lot. (*Id*. at ¶ 9). Smith tried to convince H.B. to go to Yellowstone

National Park with him that night, but she repeatedly declined his requests and instead asked him

to take her back to her apartment. (*Id*.).

Instead of taking H.B. back to her apartment, Smith headed toward Yellowstone National

Park. During the drive, H.B. continually objected, Smith took H.B.'s phone away from her, and

Smith showed H.B. a knife. (*Id*. at ¶ 10). When they arrived at the campsite in Yellowstone, Smith

had a tent set up. (*Id*. at ¶ 11). H.B. got out of the car and went to the women's restroom. (Doc.

22-1 at 15). Smith followed her into the restroom and stood outside the stall. (*Id*.). While in the

tent, Smith continuously assaulted H.B. by binding her hands with his hands and grabbing her

breasts and pelvic area. (23-1 at ¶ 12-13). H.B. had several marks and scratches and damage to her

lip. (*Id*. at ¶ 17). The following morning, Smith took H.B. back to Rexburg. (Doc. 22-1 at 18; 23-

1 at ¶ 14). H.B. immediately reported the kidnapping and sexual assault, and she later

photographed her injuries. (Doc. 22-1 at 18-19).

On May 5, 2020, Smith requested that this court revoke the detention order and grant him

pretrial release. (Doc. 22). On May 28, 2020, this court granted Smith's motion for release and set

his bond conditions. (Doc. 40). As a condition of his bond, this court ordered that Smith "[n]ot

violate any local, state, or federal law" and that he must reside with "his mother, Tammy Smith,

at 375 20th Ave. NW, Naples, Florida[.]" (*Id*. at 9). Smith's minor sister also lives in his mother's

home.

Since this court released Smith on bond, the government has learned that H.B. is not the

only young woman Smith has assaulted. He perpetrated similar assaults against at least three other

young women. (Doc. 53). During these assaults, Smith bit, chocked, and restrained his other

victims in ways that were similar to his attack on H.B. (*Id*.). Additionally, Smith admitted to

sexually touching his younger sister. (*Id*.). The Government recently learned that Smith has a

history of frequenting prostitutes and has continued to do so while on bond, which is a violation

of Florida law. These revelations demonstrate that Smith has violated his bond and that he is a

danger to others.

## II.    Smith has violated the conditions of his bond.

Section 3148 allows a person like Smith who has been released and has violated a condition

of release to be detained. 18 U.S.C. § 1348(a). The government may seek revocation of an order

of release by filing a motion with the district court. 18 U.S.C. § 1348(b). Upon such motion,

§ 3148(b) sets out a two-step process for deciding whether to revoke release and detain a

defendant:

> The judicial officer shall enter an order of revocation and detention if, after a
> hearing, the judicial officer –
>
>> (1) finds that there is –
>>
>>> (A) probable cause to believe that the person has committed a Federal,
>>> State, or local crime while on release; or
>>>
>>> (B) clear and convincing evidence that the person has violated any other
>>> condition of release; and

(2) finds that –

    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

    (B) the person is unlikely to abide by any condition or combination of conditions of release.

*Id.*

Additionally, the original detention hearing may be "reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds information exists that was not known to the movant at the time of the hearing and that has material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance as of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). The Federal Rules of Evidence do not apply when a court is "considering whether to release on bail or otherwise." Fed. R. Evid. 1101(d).

Florida Statute § 796.07 prohibits prostitution and related acts. It a crime to "solicit, induce, entice, or procure another to commit prostitution, lewdness, or assignation." Fla. Stat. § 796.07(2)(f). Soliciting prostitution is a first-degree misdemeanor, punishable by up to one year of imprisonment and a $1,000 fine. Fla. Stat. §§ 796.07(5)(a)(1); 775.082(4)(a); 775.083(1)(d).

Probable cause exists "when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed" and that the person or property was involved in the crime. *Cortez v. McCauley*, 478 F.3d 1108, 1116 (10th Cir. 2007) (quoting *United States v. Valenzuela*, 365 F.3d 892, 896 (10th Cir. 2004)). "Probable

cause is not a precise quantum of evidence." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014). Rather, the relevant question is whether there was a "substantial probability"—"something 'more than a bare suspicion' "—that the person or property was involved in a crime. *Id.* (quoting *Kerns v. Bader*, 663 F.3d 1173, 1188 (10th Cir. 2011)).

The iPhone 8 seized from Smith during his arrest has not been returned to him. During his home arrest, Special Agent Olson was advised by a concerned citizen, whose identity is fully known to Special Agent Olson, that Smith's mother, Tammy Smith, gave him a new phone and that his new phone number is (239) 572-0967.  On Monday January 4, 2021, while Smith was in the possession of this phone, Special Agent Olson was advised by the concerned citizen that Smith had used the phone to acquire prostitutes.  According to the concerned citizen, after an interaction with a prostitute, Smith received a text message from someone claiming to be managing the prostitute, a "pimp."  According to the concerned citizen, the pimp threatened Smith after finding out Smith had "harassed" one of the prostitutes.  In the text messages, the pimp threatened Smith and his family for his actions against the prostitute.  The pimp also sent a photo of a dismembered body as a warning to Smith for his actions.

Special Agent Olson discussed this event with another special agent with extensive knowledge regarding prostitution and human trafficking investigations, Special Agent James Kennedy. The Special Agent Kennedy explained that it is not common for a pimp to have contact with the customer, and if there is contact with the customer, it is usually to establish details of the sexual arrangement or to receive money. The Special Agent Kennedy noted that where a pimp has threatened a client after an encounter, it is likely the pimp believes the client damaged the monetary worth of the prostitute. Special Agent Olson described the information provided to him by the concerned citizen, and the Special Agent Kennedy opined that it was probable the client inflicted

some type of damage to the prostitute during the sexual encounter based on such an aggressive response from the pimp.

Based on this information, Special Agent Olson applied for a search warrant of Verizon's stored text message information for Smith's new phone number. The text message content and call history provided by Verizon demonstrates communication between Smith and an alleged prostitute and another person who appears to be a pimp for the alleged prostitute.

On January 2, 2021, from cell phone number (786) 681-0045 to Smith at approximately 6:30 pm:

- "Hi baby"

- "How are you doing, I'm in Best Western hotel, 2329 9th st"

At approximately 11:29pm on January 2, 2021, Smith called (786) 681-0045.

The next day, on January 3, 2021 at approximately noon, cell phone number (469) 336-4871 sent the following messages to Smith:

> know where you live, where you work and everything about you and
> we are going to kill your family
> listen I m, Aguilar you have been calling asking for photos and
> for a different girl, we have been doing an investigation and we
> harassing several girls who work for me calling a different number
> with us to pay that money we are going to your house right now and
> your family and if not you pay or you dont reach an agreement

While revieing the contents of Smith's seized iPhone 8 pursuant to a separate search warrant, evidence of his previous solicitations of prostitution was located.

Beginning on March 21, 2018, the following exchange took place:

> (754) 281-2693:        hi there
>
> Smith:                 What's up.

6

Smith:                    What do u look liken

(754) 281-2693:           Where are you

(754) 281-2693:           Where are you hunny

Smith:                    Naples

Smith:                    U

The exchange continued on March 22, 2018:

(754) 281-2693:            [sent revealing pictures of a young woman]

Smith:                    Sexy asf

Smith:                    Where are you

The exchange continued on March 23, 2018:

(754) 281-2693:           ft Lauderdale

Smith:                    Can you come to Naples

(754) 281-2693:           I can go tbere sometimes during the day but for at least 2hrs +100 travel

Smith:                    So how much

The exchange continued on March 24, 2018:

(754) 281-2693:           900 roses together

Smith:                     900 $

(754) 281-2693:           yes

Smith:                    300$

(754) 281-2693:           lol due you have the wrong #

Smith:                    ?

Smith:                    Why 900$

Smith:                    I'll go broke lol

(754) 281-2693:          ok bye

Smith:                        Well more pictures of u

Smith:                        Have fast can you get here

The exchange continued on April 5, 2018:

(754) 281-2693:          hi

Smith:                        Yo open tonight

(754) 281-2693:          are u in Miami

Smith:                        No naples

(754) 281-2693:          then i cant

On July 7, 2018, the following exchange took place with a different phone number:

(954) 673-6319:          Hi how are you Babe? This is Pam,I do outcalls, 500

Smith:                         How about 100$

Based on reliable information from a concerned citizen, whose identity is known to law enforcement, corroborating text messages, and Smith's history of frequenting prostitutes, there is probable cause to believe that Smith has committed a crime while on bond with this court.

Additionally, this situation demonstrates that Smith is a danger to the community. Since this court last considered whether Smith should be detained before trial, the government has learned of a string of similar sexual assaults and accusations that he sexually touched his minor sister. This child now resides with Smith while he is on bond. Additionally, Smith's new crimes have placed his family, including his minor sister, in danger. These facts demonstrate that his mother, Tammy Smith, is not an appropriate custodian and that Smith is a danger to others.

THEREFORE, the United States requests that this court revoke Defendant Cody Donavan

Smith's bond. In the alternative, the United States requests that this court modify his bond because

his mother is not an adequate custodian.

**DATED** this 26th day of March, 2021.

L. ROBERT MURRAY
Acting United States Attorney

By:    */s/ Christyne M. Martens*
CHRISTYNE M. MARTENS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2021, the foregoing **Government's Motion**

**to Revoke or Modify Bond** was electronically filed and consequently served on defense counsel.

*/s/ Andi M. Shaffer*
UNITED STATES ATTORNEY'S OFFICE